DECISION
Plaintiff appeals the 2009-10 real market value of property identified as Account R82450 (subject property).[1] A telephone trial was held before Magistrate Jeffrey S. Mattson on December 8, 2010. Bhupendra Patel (Patel), Plaintiff's Chief Executive Officer, appeared and testified on behalf of Plaintiff. Scott Norris, Marion County Assistant Legal Counsel, appeared on behalf of Defendant. Tom Rohlfing (Rohlfing), Senior Property Appraiser, Marion County Department of Taxation and Assessment, testified on behalf of Defendant.
Plaintiff's unnumbered exhibit referenced as "Proof of Property Taxes" and Defendant's Exhibits A and B were received without objection.
 I. STATEMENT OF FACTS
Patel testified that the subject property, a Comfort Suites hotel located within the city limits of Salem, Oregon, was one of three properties he acquired and he concluded that he "paid too much" for it. He testified that "actual income" for the subject property is "down," the building has "aged," there have been no "renovations," and maintenance has been "deferred." Patel testified that he checked with his realtor, who he "trusts," and his realtor told him that the *Page 2 
value of the subject property should be three times the gross rents. He testified that figure would be $3,900,000 and that should be the 2009-10 tax year real market value of the subject property. Patel reviewed the amount of property taxes paid by other Salem motels, including two Best Western motels, Red Lion Hotel, Shilo Inn, and the Marriott Residence Inn, and the Best Western located in Tigard, Oregon. He also presented the sale price of a property, Hudson Manor Inn, located in Longview, Washington. Patel testified that he is seeking uniformity with other area assessments and property taxes paid by other motel and hotel property owners.
Rohlfing's testimony referenced his appraisal report, reviewing the cost approach, comparable sales or market approach, and income approach. (Def's Ex A at 13, 16, 20.) He testified that, in using the cost approach, he relied on "the Marshall Swift Valuation Service for developing a cost estimate for the subject property." (Id. at 13 — 15.) Rohlfing's real market value using the cost approach was $5,181,340. (Id. at 13.)
For the market approach, Rohlfing testified that he reviewed 21 sales and 5 listings, "all near the Interstate 5 corridor[,] * * * to develop units for comparison to the subject property." (Id. at 16.) He testified that he included the sale of the subject property "as one of the comparables." The subject property sold for $6,039,300, exclusive of personal property, on November 2, 2007. (Id. at 16, 23.) Rohfling concluded "a market approach value for this property of $5,337,235." (Id. at 16.)
Rohlfing testified that his income approach was based on an effective gross income multiplier that he derived from the sales previously researched for the market approach. (Id. at 20.) He concluded that an effective gross multiplier of "3.50 * * * is the most accurate * * * and $5,357,044 is the value indicated by this approach." (Id. (emphasis in original).) *Page 3 
Rohlfing testified that, in determining a real market value as of the assessment date, he considered each of the three real market values determined by each of the approaches and Plaintiff's purchase price. (Id. at 21.) Rohlfing concluded that the subject property's real market value f or tax year 2009-10 was $5,052.920. (Id. at 1.)
 II. ANALYSIS
The issue before the court is the 2009-10 real market value of Plaintiff's property. "Real market value is the standard used throughout the ad valorem statutes except for special assessments."Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), [2] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found to not be applicable. See ORS 308.205(2); OAR 150-308.205-(A)(2).
In a case such as the one before the court, the comparable sales approach "may be used to value improved properties, vacant land, or land being considered as though vacant." Chambers Management Corpand McKenzie River Motors v. Lane County Assessor, TC-MD No 060354D at 6 (Apr 3, 2007), citing Appraisal Institute,The Appraisal of Real Estate 335 (12th ed 2001). ORS 308.205(2) provides in pertinent part that "[r]eal market value in all cases shall be *Page 4 
determined by methods and procedures in accordance with rules adopted by the Department of Revenue." The Department of Revenue adopted OAR 150-308.205-(A)(2)(c), stating that:
 "In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, will be used. All transactions utilized in the sales comparison approach must be verified to ensure they reflect arms-length market transactions."
Plaintiff did not submit an appraisal report nor did he present any evidence of value using one of the three statutory approaches of valuation. Defendant submitted an appraisal report using the cost approach, comparable sales or market approach and market approach. (Def's Ex A.)
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427 (2009) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971
Plaintiff failed to carry the burden of proof. Plaintiff did not submit an appraisal report prepared as of the date of assessment. Plaintiff relied on his real estate agent who did not testify. There was no opportunity for Defendant or the court to question Plaintiff's expert. Plaintiff relied on a comparison of property taxes paid by other motel owners. The issue before the court was the subject property's real market value. This court has no authority to set property taxes; the court's jurisdiction is to determine the "real market value or correct valuation on the basis of the evidence pleaded by the parties." ORS 305.412. Plaintiff presented no evidence of the real market value of his property as of the assessment date, January 1, 2009. *Page 5 
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiff failed to carry his burden of proof. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the tax year 2009-10 is dismissed; and
IT IS FURTHER DECIDED that Plaintiff's appeal for the tax year 2008-09 is dismissed.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on March 28, 2011. The Court filed and entered this documenton March 28, 2011.
[1] In a preliminary ruling issued May 19, 2010, Magistrate Mattson dismissed Plaintiff's appeal for tax year 2008-09.
[2] References to the Oregon Revised Statutes (ORS) and Oregon Administrative Rulse (OAR) are to 2007.